UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHN L. KELTZ, and ANTONIETTE KELTZ, | Case No. 3:21-cv-01614-AC |
| Plaintiffs, | ORDER TO AMEND |
| v. | |
| AMANDA LONE, *Street flagger, an individual*, NOMADIC FLIPS, LLC, *a Corporation, Investor*, UNITED STATES SECRETARY OF HOUSING AND URBAN DEVELOPMENT, and DARREN J. DEVLIN, *attorney for owner agent*, | |
| Defendants. | |

_____

ACOSTA, Magistrate Judge:

Plaintiffs John L. Keltz ("John") and Antoinette Keltz ("Antoniette") (collectively "Plaintiffs"), representing themselves, filed this lawsuit against Defendants Amanda Lone ("Lone"), Nomadic Flips, LLC ("Nomadic"), the United States Secretary of Housing and Urban

Page 1  – ORDER TO AMEND

Development ("the HUD Secretary"), and Darren J. Devlin ("Devlin") (collectively "Defendants").   Service of process has not yet occurred.   Mr. Keltz has filed an application with the court to proceed *in forma pauperis* ("IFP").   (ECF No. 1.)   Based on the court's review of John's IFP application, it appears that he is unable to pay the costs of commencing this action, and therefore, his application is granted.   Antoniette did not separately file an IFP application; the court makes no ruling with respect to her ability to pay.   However, as explained below, Plaintiffs' complaint is deficient in several respects and they must amend in order for this action to proceed.

*Standards*

When a complaint is filed by a plaintiff proceeding *in forma pauperis*, Congress has directed that "the court shall dismiss the case at any time if the Court determines that" the action is:   (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2).   Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims.   *See, e.g., O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims.   If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   FED. R. CIV. P. 8(a)(2).   When reviewing the sufficiency of a complaint filed by a *pro se* litigant, the court must liberally construe the pleading

and accept as true all of the factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, stating a claim requires "the plaintiff [to] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A district court may dismiss a claim as factually frivolous when the facts alleged "lack[ ] an arguable basis in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or when they "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (citation omitted).

Federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), unlike state courts, which are courts of general jurisdiction, and federal courts may exercise jurisdiction only in certain kinds of cases as authorized by the United States Constitution and Congress. *See id.*; *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (en banc). Federal jurisdiction exists over two primary categories of cases: (1) "federal question" cases; and (2) "diversity of citizenship" cases. A "federal question" case involves the Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states where the amount of damages in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). If a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, it must dismiss the complaint, whether upon

the motion of a party or on its own.   *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015);

*see also* FED. R. CIV. P. 12(h)(3).

Self-represented, or *pro se* plaintiffs are held to less stringent standards than pleadings by

attorneys.   *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).   The court must liberally construe the

filings of *pro se* plaintiffs and afford them the benefit of any reasonable doubt.   *Hebbe v. Pliler*,

627 F.3d 338, 342 (9th Cir. 2010).   Additionally, self-represented litigants are "entitled to notice

of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."

*Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam)).

*Discussion*

Plaintiffs allege that their mother, Donna Keltz ("Donna"), intended that her estate be

divided equally among her three children, Julie Keltz ("Julie"), John, and Antoniette.   (Compl. at

1, ECF No. 2-1 at 2.)   Donna's estate included the family home located at 4226 SE 66th Avenue,

Portland, OR 97206 ("the Property").   (*Id.*)   Julie was named trustee of the estate.   (*Id.*)   Before

Donna's death in 2014, John and Antoniette learned that Julie was stealing money from Donna.

(*Id.*)   Plaintiffs allege that Julie did not pay property taxes and stole more than $250,000 from

Donna's estate.   (*Id.* at 3.)   Plaintiffs assert that Donna intended to remove Julie as trustee before

her death, but Donna was sick and did not formally remove Julie before she passed.   (*Id.* at 2.)

Julie informed Plaintiffs that she planned to sell the Property.   Shortly thereafter, Julie died and

her daughter, Defendant Lone, became the successor trustee of Donna's estate.   (*Id.* at 5.)

Plaintiffs allege that Lone "picked up right where [Julie] left off" and sold the house out from

under them.   (*Id.* at 3.)   Plaintiffs contend that Lone covertly sold the home over the internet to

Defendant Nomadic for $180,000.   (*Id.*)   Plaintiffs further assert that Nomadic has filed an action in county court and are attempting to remove them from the Property.

In their pleadings, Plaintiffs attach a copy of an August 12, 2019 demand letter from John to Lone in which he asserts similar allegations.   In the August 2019 letter, John contends that Julie engaged in theft, that Lone was attempting to sell the Property against Donna's wishes, and that Donna intended for John and Antoniette to share in Donna's estate.   (Compl. Ex. C, ECF No. 2-1 at 6.)   Plaintiffs also attach an August 13, 2020 statutory warranty deed conveying the Property to Nomadic for $180,000 and identifying Lone, "as Successor Trustee of the Donna Keltz Living Trust (The 'Trust') under an agreement dated December 20, 2010."   (Compl. Ex. D, ECF No. 2-1 at 8.)

The court takes judicial notice of the state court action referenced by Plaintiffs in their Complaint.   That action is a Residential Eviction Complaint entitled *Nomadic Flips, LLC v. Amanda Lone*, Case No. 21TL05823, and was filed in Multnomah County Circuit Court on October 27, 2021.

A preliminary review of the Complaint filed in this court raises several issues that require Plaintiffs to amend the Complaint.

I.   Statute of Limitations

In the civil cover sheet, Plaintiffs identify misrepresentation as their cause of action. (Compl., ECF No. 2-3.)   "[I]n Oregon, the tort of negligent misrepresentation requires that one party in a relationship owe a duty 'beyond the common law duty to exercise reasonable care to prevent foreseeable harm' to the other party." *Conway v. Pac. Univ.*, 324 Or. 231, 236 (1996) (quoting *Onita Pac. Corp. v. Trustees of Bronson*, 315 Or. 149, 159 (1992)).   This "special

relationship" is a necessary requirement to a claim of negligent misrepresentation.  *Id.* at 237. The defining feature of such a special relationship is that one party has ceded to another decision-making authority with the expectation that decisions will be made in the best interests of the ceding party.  *Smith v. Bank of Am. NA*, No. 3:12-cv-01597-AA, 2013 WL 2659562, at *3 (D. Or. June 4, 2013).    Plaintiffs also may be attempting to assert a claim for breach of fiduciary duty.    To state such a claim, Plaintiffs must allege: (1) the existence of a fiduciary relationship between the parties; (2) a breach of one or more of the fiduciary duties arising out of that relationship; and (3) damage to the plaintiff resulting from a breach of one or more of those duties.  *Spada Properties, Inc. v. United Grocers, Inc.*, 121 F. Supp. 3d 1070, 1090 (D. Or. 2015).

The statute of limitations for misrepresentation and breach of fiduciary duty claims is two years.  OR. REV. STAT. § 12.110(1) ((providing action for "injury to the person or rights of another, not arising on contract" are governed by two-year statute of limitation); *Spirit Partners, LP v. Stoel Rives LLP*, 212 Or. App. 295, 307-08 (2007) (providing that fraud, negligent misrepresentation, and breach of fiduciary duty claims are governed by the two-year limitations period in O.R.S. § 12.1110(1)).    To the extent that Plaintiffs are attempting to assert a claim for breach of fiduciary duty or misrepresentation by Julie or Lone, such claims similarly appear time-barred, because they are governed by a two-year statute of limitation.  *See Matter of Bonome*, 314 Or. App. 364, 367 (2021) (providing that breach of fiduciary duty or fraud claims against estate's representative and trustee governed by two-year statute of limitation in O.R.S. § 12.110(1)); *McLean v. Charles Ellis Realty, Inc.*, 189 Or. App. 417, 424-25 (2003) (applying O.R.S. § 12.110(1) to breach of fiduciary duty and fraud claims).    The limitations period for these claims begins to run from when a plaintiff "either actually discovered or, in the exercise of reasonable care, should have discovered that the

defendant had violated the [Plaintiffs'] legally protected interest." *McLean*, 189 Or. App. at 425. Here, it appears Plaintiffs knew or reasonably should have known about Lone's alleged misrepresentation or breach of fiduciary duty by August 12, 2019, when they sent the demand letter to Lone.    Thus, as currently alleged, these claims appear time-barred.

Oregon also recognizes that "an intentional interference with a prospective inheritance may be actionable under a reasonable extension of the well-established tort known as intentional interference with economic relations." *Allen v. Hall*, 328 Or. 276, 280 (1999); *Butcher v. McClain*, 244 Or. App. 316, 322-23 (2011).    To state this type of interference claim, Plaintiffs must allege:  (1) the existence of a professional or business relationship or a noncommercial relationship giving rise to certain prospective economic advantages; (2) interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages.  *Allen*, 328 Or. at 281; *Butcher*, 244 Or. App. at 325. An intentional interference with economic relations ("IIER") claim also carries a two-year statute of limitations.  *Butcher*, 244 Or. App. at 324 (citing *Cramer v. Stonebridge Inn, Inc.*, 77 Or. App. 407, 411 (1986)).    The two-year statute of limitations accrues once the interference "in fact causes injury."  *Id.*

To the extent the Plaintiffs are attempting to assert an IIER claim, as currently alleged, the claim appears time-barred.   In the Complaint, Plaintiffs assert that Donna's wishes were to have her three children all share equally in the estate, including rights in the Property.   Plaintiffs also allege that Donna passed away in 2014, well more than two years prior to filing this action. Plaintiffs further assert that Julie, who was then trustee, failed to ensure that John and Antoinette

received equal shares of the Property and that Julie was attempting to have them removed from the Property.   If Plaintiffs' contention is that Julie, and by extension Lone, interfered with their inheritance of the Property, their IIER claim appears time-barred.  *See Frakes v. Nay*, 254 Or. App. 236, 271 (2012) (holding IIER claim time-barred where plaintiff's prospective inheritance was lost when person from whom they were to inherit shares of the estate died more than two years prior to bringing action).

In the Complaint, Plaintiffs have not provided factual allegations about how the Property was distributed in Donna's will or through her estate.   The court infers that Donna left the Property to Julie.   Plaintiffs attach Exhibit E to their Complaint, which is a handwritten document signed by Elizabeth May (presumably Donna's sister) and is dated November 4, 2021.   (Compl. Ex. E, ECF No. 2-1 at 11.)   In Exhibit E, Ms. May states that Donna intended to leave her estate to Julie, John, and Antoniette equally, including rights in the Property.   (*Id.*)   However, the Complaint's limited facts concerning Donna's estate and the distribution of the Property are vague and non-specific, and somewhat contradictory.   Plaintiffs allege that Donna died in 2014, and that thereafter, Julie became the trustee.   (Compl., ECF No. 2 at 5, ECF No. 2-1 at 5.)   Plaintiffs assert that Lone succeeded Julie as trustee after Julie's death.   (*Id.*)   However, the attached statutory warranty deed indicates that Lone became the successor trustee in 2010, long before either Donna or Julie died.   (*Id.*)   Because the pleadings are lacking in specifics, the court simply is unable to assess the viability of these claims at this time, thus requiring amendment.   Additional factual details concerning the nature of the relationship between Lone and Plaintiffs and how Donna's will or estate distributed the Property should be included.

\ \ \ \ \

In sum, should Plaintiffs choose to file an amended complaint, they must allege a short and plain statement of the basis of their claim against Lone with sufficient clarity to enable Lone to formulate a responsive pleading, including factual details demonstrating the timeliness of their claim.

II.    Allegations Against Defendants HUD Secretary, Nomadic, and Devlin

Plaintiffs do not allege any factual content concerning Defendants the HUD Secretary, Nomadic, or Devlin in the Complaint.    To comply with federal pleading requirements, Plaintiffs "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).    Rule 8 requires that a complaint set forth a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim, and a demand for judgment for the relief plaintiff seeks.  FED. R. CIV. P. 8(a).    It does not require extensive or technically precise pleadings, but does require the presentation of factual allegations with sufficient clarity and certainty to enable Defendants to determine the basis of their claims and to formulate a responsive pleading.    Plaintiffs' spartan pleadings against the HUD Secretary, Nomadic, and Devlin fail to satisfy this low bar, are deficient, and thus must be amended.

Furthermore, the HUD Secretary is immune from suit in federal court.    Lawsuits against an agency of the United States is considered an action against the United States.    *Balser v. Dept. of Justice, Office of U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003).    Unless the United States has waived sovereign immunity unequivocally, it is immune from suit.    *See Ordonez v. United States*, 680 F.3d 1135, 1138 (9th Cir. 2012) (providing that waiver of sovereign immunity "must be

unequivocally expressed in statutory text and will not be implied"); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants.").   Thus, to the extent that Plaintiffs are attempting to bring this action against the HUD Secretary in her official capacity, it is an action against the United States.   Plaintiffs have not alleged that the United States has waived its immunity, and the lack of factual detail concerning this claim renders the court unable to discern any possible waiver.   Accordingly, Plaintiffs' allegations against the United States appear barred by the doctrine of sovereign immunity, and amendment is required.

In short, should Plaintiffs choose to file an amended complaint, they must allege a short and plain statement of the basis of their claim against Nomadic and Devlin with sufficient clarity to enable Nomadic and Devlin to formulate a responsive pleading.   Should Plaintiffs choose to file an amended complaint that includes the United States as a defendant, they must specifically assert the basis for waiver of sovereign immunity.

III.    Diversity Jurisdiction

Federal courts are courts of limited jurisdiction.   *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).   Federal jurisdiction may be based on the presence of a federal question or on diversity of citizenship.   28 U.S.C. §§ 1331, 1332.   Federal question jurisdiction may exist where a claim involves the Constitution, laws, or treaties of the United States.   28 U.S.C. § 1331.   For jurisdiction to exist by reason of diversity, the matter in controversy must exceed the sum or value of $75,000, and the action must be between citizens of different states. 28 U.S.C. § 1332(a).   The court must dismiss an action where it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

Page 10  – ORDER TO AMEND

Plaintiffs allege the jurisdictional basis for this action is diversity.   Plaintiffs are Oregon residents, and they allege Nomadic is a California corporation, Devlin is a California resident, and that Lone is a Washington resident.   In the Complaint and in the August 12, 2019 demand letter, Lone's address is listed as La Center, Washington.   However, the state court action identifies Lone as residing at the Property in Portland, Oregon.   If Lone resides in Oregon, diversity would be defeated and the court would lack subject matter jurisdiction because Plaintiffs do not assert federal question jurisdiction, and because no federal claim is apparent from their allegations as currently pleaded.   Amendment therefore is required to allow the court to determine whether it has subject matter jurisdiction over this case.

IV.    State Court Proceedings

As noted above, currently there is an ongoing state court action.   Should Plaintiffs choose to file an amended complaint, they should include details about the status of that action. Plaintiffs are advised that under the *Rooke*r-*Feldman* doctrine, this court has no jurisdiction to review appeals from state court actions.   *See Noel v. Hall*, 341 F.3d 1148, 1163-64 (9th Cir. 2003) (holding that district courts may not hear "forbidden de facto appeals" in which federal plaintiffs attempt to seek relief from an erroneous state court decision).   Plaintiffs are further advised that if an ongoing state action is pending, then under the *Colorado River* doctrine, this court may dismiss this case or, alternatively, stay proceedings in this case in deference to the pending state court case.   *See Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817-19 (1976) (holding that a federal court may reject taking jurisdiction in a case where a concurrent state court case is pending).

\ \ \ \ \

In summary, because the Complaint fails to state a plausible cause of action as currently alleged, Plaintiffs are hereby ordered to file an Amended Complaint that contains a short and concise statement of their claims against each defendant in compliance with Rule 8 that allows the court and each Defendant to determine the basis of their claims.

*Conclusion*

For all these reasons, Plaintiff John Keltz's application to proceed in forma pauperis (ECF No. 1) is GRANTED and Plaintiffs are Ordered to file an AMENDED COMPLAINT within 30 days of the date of this ORDER.   Plaintiffs are advised that failure to file an Amended Complaint within 30 days may result in dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED this 17th day of November, 2021.

JOHN V. ACOSTA
United States Magistrate Judge

Page 12  – ORDER TO AMEND